UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-69-HRW

JULIA SMITH,                                                                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,**            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on February 11, 2003, alleging disability beginning on February 7, 2003 due to right arm and shoulder pain residual to

1

breast cancer surgery and treatment, back pain residual to the removal of one kidney, diabetes, hypertension, depression, anxiety and panic attacks. This application was denied initially and on reconsideration. On January 7, 2004, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 352-357). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 388-390).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from

2

> performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 20, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-25).

Plaintiff was 52 years old at the time of the hearing decision. She has a GED with college credits. Her past relevant work experience consists of work as an elementary school cook and senior center director.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffered from status-post breast cancer, obesity, lower back pathology, which he found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 1.04, 12.00, 12.04, 13.09 (Tr. 19-20).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 24) but determined that she has the following residual functional capacity ("RFC"):

>   [occasionally lifting 20 lbs., frequently lifting 10 lbs.;
>   may stand / walk 6 hours in an 8-hour workday; may sit 6
>   hours in an 9-hour workday; may no more than
>   frequently push / pull or make use of hand controls with
>   the right upper extremity; may only occasionally stoop,
>   bend, crouch; may no more than frequently reach or lift
>   over the head with the right upper extremity; and the
>   claimant should avoid full body vibration and hazards.

(Tr. 24).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as receptionist, companion and light general production inspector (Tr. 24). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 24, 2006 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  Plaintiff's sole contention on appeal is that the ALJ should have recontacted her treating physician, Dr. Lloyd Browning, "to determine whether additional information was readily available." (Plaintiff's brief, at pg. 3).

  The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional

5

needed information is readily available. 20 C.F.R. §§ 404.912(e).

Plaintiff's argument ignores a crucial prerequisite to the obligation to recontact a medical source, to-wit, the inadequacy of the record. In other words, the need to recontact is premised upon a finding that the record is incomplete or inadequate.

It appears that Plaintiff's dissatisfaction with the ALJ's consideration of Dr. Browning's opinion which is driving his claim of error. Yet, Dr. Browning's conclusion that "[t]his patient is disabled" (Tr. 176) is unsupported by x-rays, laboratory testing or other clinical objective findings. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Here, Dr. Browning's opinion is not supported by sufficient data. As the ALJ noted, Dr. Browning's own notes do not support chronic limitation (Tr. 21). Nor do the other medical opinions of record assess Plaintiff's symptoms as causing impairment to the extent that Plaintiff is unable to perform *any* work activity. The ALJ appeared to credit Plaintiff's subjective complaints of right arm pain and numbness, despite her admission that

she cooks, shops and does housework, in formulating an RFC restricted to light work with additional restrictions. The clinical findings of record simply do not support any limitations beyond those ascribed by the ALJ.

Notably, Plaintiff herself admitted that she had not been placed on any restrictions by her treating physician (Tr. 80). This statement was made in a SSA documented dated May 5, 2003; whereas Dr. Browning's conclusory remark is made on a note dated February 18, 2003 (Tr. 176).

The Court finds that, in this case, ALJ was under no compulsion to re-contact Dr. Browning. *See* 20 C.F.R. 404.1512(e). The ALJ had a full record before him, considered the opinions of various medical sources, treating and otherwise, and formulated the RFC based upon the same. Further, the ALJ sufficiently explained his reasons for not affording Dr. Browning's opinion controlling weight (Tr. 21).. There is no error no error in the ALJ's assessment of the evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for

7

Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 29, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge